UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | **PUBLIC VERSION** |
| Plaintiff, | ) ) |  |
| vs. | ) ) | Court No.: 22-00327 |
| AEGIS SECURITY INSURANCE CO., | ) ) ) |  |
| Defendant. | ) ) |  |

## COMPLAINT

Pursuant to the rules of this Court, the United States, plaintiff, alleges as follows:

1. This action is brought by the United States on behalf of the Department of Homeland Security, United States Customs and Border Protection (CBP), against defendant Aegis Security Insurance Company (Aegis), to recover unpaid duties and interest pursuant to 19 U.S.C. §1505 in the total amount of $100,700.00, plus pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1582(2).

3. Aegis's service of process address, physical address, and surety claims address is Aegis Security Insurance Company c/o Avalon Risk Management, Inc., 150 Northwest Point Blvd, Fl 4, Elk Grove Village, Illinois 60007-1015.

4. Upon information and belief, Aegis's mailing address is: P.O. Box 3153, Harrisburg, Pennsylvania 17105.

## COUNT I

5. Paragraphs 1 through 4 are incorporated by reference as though fully set forth herein.

6. For the reasons stated in paragraphs 7 through 39, plaintiff's Count I seeks to collect unpaid supplemental duties and interest on a single transaction bond executed by Aegis.

7. On or about October 20, 2003, Presstek Wood Technologies Inc. (Presstek) imported honey from the People's Republic of China (China) through the port of Chicago, Illinois (CBP port code 3901) under Entry No. 966-0056156-5 (the Entry). A copy of the Entry is attached as Exhibit A.

8. The Entry was subject to an antidumping duty order on honey from China issued by the Department of Commerce (Commerce) (A-570-863) (the Honey Order). *See Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order; Honey From the People's Republic of China*, 66 Fed. Reg. 63670 (Dec. 10, 2001).

9. In its entry papers, Presstek declared that the exporter for the honey covered by the Entry is Wuhan Bee Healthy Ltd. (Wuhan Bee), and that the Entry is subject to antidumping duties at a rate of 183.8% *ad valorem*.

10. On October 13, 2002, Aegis executed a single transaction bond with Presstek to secure the duties, taxes, and charges owed on the Entry (the STB). A copy of the STB is attached as Exhibit B.

11. Under the terms of the STB, Aegis agreed to be jointly and severally liable to pay, as demanded by CBP, any duties, taxes, and charges subsequently found due, legally fixed, and imposed on entry 966-0056156-5 secured by the STB up to the "limit of liability" reflected on the bond. *See* Exhibit B.

12. The limit of liability of the STB is $100,700.00.  *See* Exhibit B.

13. At the time of entry, Presstek provided the STB to CBP in lieu of making a cash deposit of estimated antidumping duties for the Entry.

14. In December 2003, Commerce conducted an administrative review of the Honey Order for the time period of December 1, 2002 through November 30, 2003, which included the Entry made by Presstek.  *See* 69 Fed. Reg. 77184 (Dec. 27, 2004)

15. On September 19, 2008, upon the conclusion of the administrative review and the subsequent judicial review of the analysis by the Court of International Trade, Commerce published the amended final results of the administrative review.  73 Fed. Reg. 54366 (Sept. 19, 2008).  In the amended final results, Commerce calculated an antidumping rate of 101.48% *ad valorem* for merchandise produced and/or exported by Wuhan Bee.  73 Fed. Reg. 54366 (Sept. 19, 2008).  This rate correlates to a per kilogram rate of ▮.

16. At a rate of ▮ per kilogram, Presstek's antidumping duty liability for the Entry is calculated to be $57,489.60.

17. Because CBP did not liquidate the Entry, on March 19, 2009, the Entry liquidated by operation of law (deemed liquidated) at the rate of duty, value, quantity, and amount of duty asserted at the time of entry.  *See* 19 U.S.C. § 1504(d); *see also Honey From the People's Republic of China: Notice of Amended Final Results Pursuant to Final Court Decision*, 73 Fed. Reg. 54366 (Sept. 19, 2008).

18. Presstek became liable for $100,634.18 in antidumping duties as a result of the deemed liquidation.

19. On November 25, 2016, CBP attempted to reliquidate the Entry at the antidumping rate consistent with Commerce's amended final results.

20. Through a demand dated November 25, 2016, CBP billed Presstek for the first time for the Entry in the amount of $57,489.60 via bill number 472610519. A copy of this bill is attached as Exhibit C.

21. Presstek did not pay this bill.

22. Bill number 472610519 issued to Presstek became delinquent on December 26, 2016, *i.e.,* when the debt remained outstanding for over 30 days.

23. On or about February 6, 2017, CBP made its first payment demand on Aegis for the outstanding duties of bill number 47261051[9] through the "Formal Demand on Surety for Payment of Delinquent Amounts Due" (the 612 Report) in the amount of $57,868.20, which reflected unpaid duties plus interest that had accrued from the time a bill was first issued to Presstek (*see* 19 U.S.C. § 1505(d)). A copy of the relevant page of the 612 Report is attached as Exhibit D.

24. The demand on Aegis through the 612 Report became delinquent on March 8, 2017, *i.e.*, when the debt remained outstanding for over 30 days. *See* 19 U.S.C. § 1505(b); 19 C.F.R. § 113.62(a)(1)(ii); 19 C.F.R. § 24.3a(a); 19 C.F.R. § 24.3(e).

25. CBP demanded payment from Aegis through the 612 Report for this unpaid obligation several times thereafter.

26. On April 25, 2017, CBP received a protest from Aegis concerning the demand for payment for the Entry. In its protest, Aegis argued, in part, that the Entry had liquidated by operation of law and that CBP's attempted reliquidation on November 25, 2016 was contrary to law.

27. In 2003, when Presstek imported the merchandise, 19 U.S.C. § 1501 (the statute providing for voluntary reliquidations by CBP) stated:

4

> A liquidation made in accordance with section 500 [19 USCS § 1500] or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the Customs Service, notwithstanding the filing of a protest, within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer, his consignee or agent. Notice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 500(e) [19 USCS § 1500(e)].

28. Consequently, the attempted reliquidation of the Entry on November 25, 2016 was not permitted under 19 U.S.C. § 1501.  *See United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550, 1560 (Fed. Cir. 1997) (explaining that under the version of 19 U.S.C. § 1501 then in-effect, "reliquidation under 19 U.S.C. § 1501 would not be permitted because that provision applies only to liquidations made in accordance with 19 U.S.C. § 1500, and not to 'deemed liquidations' under 19 U.S.C. § 1504.")

29. CBP denied the protest, in part, and granted it, in part, entering the following remark into its computer system:

> Protestant is correct that the entry liquidated by operation of law in 2009 at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer of record. 19 USCS 1504. CBP lacked authority to reliquidate the entry in November 2016. As a result, a new bill should be issued reflecting the amount declared at entry (and applicable interest under 19 U.S.C. 1505(d)). See attached denial continuation to protest.

30. To effectuate the deemed liquidation of the Entry and systematically issue a bill for the outstanding antidumping duties declared at entry and owed pursuant to the deemed liquidation, CBP manually entered a liquidation for the Entry into its electronic system on March 15, 2019. As a result, bill number 478720571 was issued on March 15, 2019 to Presstek for the Entry. A copy of this bill is attached as Exhibit E.

31. The duty amount included in bill number 478720571 was consistent with the duties owed based on the Entry's deemed liquidation of $100,634.18.

32. Bill number 478720571 issued to Presstek became delinquent on April 14, 2019 when the debt remained outstanding for over 30 days.

33. On or about June 4, 2019, CBP made a demand for payment on Aegis for bill number 478720571 through the 612 Report. A copy of the relevant page of the 612 Report containing the first demand to Aegis for bill number 47872057[1] is attached as Exhibit F.

34. The amount of delinquency interest that accrued pursuant to 19 U.S.C. § 1505(d) on the initially billed balance of $57,489.60 from the date of issuance of bill number 472610519 until March 14, 2019 is $5,959.90. The amount of delinquency interest that accrued pursuant to 19 U.S.C. § 1505(d) on the outstanding balance of $100,634.18 from the date of issuance of bill number 478720571 on March 15, 2019 through the date of filing of this Complaint is $15,913.99.

35. Due to the accumulation of interest pursuant to 19 U.S.C. § 1505(d), the total outstanding debt for the Entry is greater than $100,700.00, the face value of the STB.

36. CBP demanded payment from Aegis through the 612 Report for this unpaid debt for the Entry several times after the June 2019 612 Report.

37. Aegis did not protest this demand for payment for the Entry.

38. To date, neither Presstek nor Aegis has made any payments pursuant to their obligations under the law and the STB to pay the outstanding debt for the Entry.

39. For the total outstanding debt for the Entry, Aegis' liability is limited to the face amount of the bond. However, due to its own acts, such as failing to pay upon demand, Aegis is

also liable above the contractual limit of the bond for interest pursuant to 19 U.S.C. § 580, and may be liable for equitable interest.

WHEREFORE, Plaintiff, United States, respectfully requests that this Court enter judgment in its favor against Defendant, Aegis Security Insurance Company, for duties and interest pursuant to 19 U.S.C. § 1505 in the total amount of $100,700 — the contractual limit of the bond — and interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961, which are not subject to the bond limit; and for all other just and proper relief.

    Respectfully Submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

By: /s/ Justin R. Miller
    JUSTIN R. MILLER
    Attorney-in-Charge
    International Trade Field Office

By: /s/ Beverly A. Farrell
    BEVERLY A. FARRELL
    Senior Trial Attorney
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza, Suite 346
    New York, New York 10278
    Tel.: (212) 264-0483 or 9230
    Attorneys for Defendant

Of Counsel:
SUZANNA HARTZELL-BALLARD
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

Dated: November 22, 2022