## UNITED STATES COURT OF INTERNATIONAL TRADE

### Before: The Honorable, Jane A. Restani, Judge

| | |
|---|---|
| UNITED STATES,             ) | |
|          ) | |
|      Plaintiff,      ) | |
| v.           ) | **Court No.: 22-00327** |
|          ) | **FIRST AMENDED ANSWER** |
| AEGIS SECURITY INSURANCE CO.,   ) | |
|          ) | |
|      Defendant.      ) | |
|          ) | |

### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 15(a)(1) of the Rules of the Court of International Trade, defendant, Aegis Security Insurance Company ("Aegis" or "Defendant"), amends its Answer and Affirmative Defenses to Plaintiff's complaint as follows:

1. Paragraph 1 of Plaintiff's complaint is Plaintiff's characterization of its action to which no response is required. To the extent a response is required, Defendant admits the purpose of Plaintiff's complaint.

2. Paragraph 2 of Plaintiff's complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction over this matter.

3. Paragraph 3 of Plaintiff's complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits Aegis's service of process addresses.

4. Admits Aegis's mailing address.

5. Aegis's answers in paragraphs 1 through 4 are incorporated by reference as though fully set forth herein.

6. Paragraph 6 of Plaintiff's complaint is Plaintiff's characterization of its action to which no response is required.  To the extent a response is required, Defendant admits Plaintiff's characterization of its complaint.

7. Admits.

8. Paragraph 8 of Plaintiffs' complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that the subject entry was subject to an antidumping order on honey from China.

9. Admits.

10. Admits.

11. Admits.

12. Admits.

13. Admits.

14. Admits.

15. Admits.

16. Admits.

17. Paragraph 17 of Plaintiff's complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that the subject entry was deemed liquidated by operation of law.

18. Paragraph 18 of Plaintiff's complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies for lack of knowledge.

19. Paragraph 19 of Plaintiff's complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies for lack of knowledge.

Defendant further avers that Customs' attempt to reliquidate the subject entry at the antidumping rate consistent with Commerce's amended final results would have been *ultra vires* of the reliquidation statute, 19 U.S.C. § 1501.

20.  Admits.

21. Admits.

22. Paragraph 22 of Plaintiff's complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies for lack of knowledge.

23. Admits.

24. Paragraph 24 of Plaintiff's complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits.

25. Admits.

26. Admits.

27. Admits.

28. Paragraph 28 of Plaintiff's complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits.  Defendant further avers that Customs' attempt to reliquidate the subject entry at the antidumping rate consistent with Commerce's amended final results was *ultra vires* of the reliquidation statute, 19 U.S.C. § 1501, and that the Federal Circuit precedent cited in Plaintiff's complaint was known to Plaintiff at the time of its ultra vires reliquidation attempt.

29. Admits that Customs granted in part and denied in part Defendant's protest.  Denied for lack of knowledge Plaintiff's allegations about the subject entry Customs made in its computer system.  Defendant further avers that Customs' attempt to reliquidate the subject entry at the antidumping rate consistent with Commerce's amended final results

was *ultra vires* of the reliquidation statute, 19 U.S.C. § 1501, and that Customs knew its reliquidation attempt was illegal at the time it was made.

30. Denies for lack of knowledge Plaintiff's allegations regarding Customs purported manual re-entry of a liquidation or the reasons therefore.  Defendant further avers that Customs' "manual[] ent[ry of] a liqudation" was yet another attempt to reliquidate the subject entry under 19 U.S.C. § 1501, that such attempt was *ultra vires* of the reliquidation statute, and that Customs knew its attempted reliquidation was illegal at the time it was made. Admits that Customs issued bill number 478720571 to Presstek on March 15, 2019.

31. Admits.

32. Paragraph 32 of Plaintiff's complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits.

33. Admits.

34.  Paragraph 34 of Plaintiff's complaint calls for a legal conclusion to which no response is required; denies the that the calculation of delinquency under 19 U.S.C. § 1505(d) initiates with the billing of the subject entry.

35. Denies that the 1505(d) interest calculations set forth in Paragraph 34 of the complaint are correct; and avers that delinquency interest does not begin to accrue under 19 U.S.C. § 1505(d) from the date of issuance of the bill.

36. Admits that Customs demanded payment. Denies that any duty or interest is due.

37. Admits.

38. Denies for lack of knowledge whether Presstek made any payments.  Admits that Defendant has not made any payments.  The remainder of the allegation calls for a legal

conclusion to which no response is required.  To the extent a response is required, Defendant denies that Defendant had a legal obligation to pay.

39. Admits that Defendant's liability is limited to the face amount of the bond; denies that Defendant is liable for interest under 19 U.S.C. § 580 or for equitable interest "due to its own acts, such as failing to pay upon demand…."

## FIRST AFFIRMATIVE DEFENSE
### (<u>Statute of Limitations</u>)

1. The statute of Limitations set out at 28 U.S.C. § 2415(a), for collection of duties under the subject bond expired six years following the liquidation of the subject entry by operation of law and bars Plaintiff's claim.

## SECOND AFFIRMATIVE DEFENSE
### (<u>19 U.S.C. 1501 - Reliquidation Untimely</u>)

2. The reliquidation of the subject entry under the provisions of 19 U.S.C. § 1501 following the approval of the surety's protest was untimely and void.

## THIRD AFFIRMATIVE DEFENSE
### (<u>Laches</u>)

3. Plaintiff's claim against Defendant, Aegis, is barred by the doctrine of laches.

4. Plaintiff delayed asserting its claim for payment against Defendant by more than seven years after being notified on March 19, 2009, that the suspension of liquidation of Presstek's entries had been terminated.

5. The more than seven-year delay in demanding payment is unreasonable.

6. The delay in demanding payment was entirely the fault of Plaintiff.

7. The delay prejudiced Defendant in at least three ways.

8.   First, unreasonable delay constitutes prejudice as a matter of law.

9.   Second, Plaintiff's delay compromised Plaintiff's ability to seek subrogation against the importer/principal on its single transaction bond.

10.  Third, Plaintiff's delay created liability, including interest liability, that could have been avoided altogether.

## FOURTH AFFIRMATIVE DEFENSE
### (<u>Impairment of Suretyship</u>)

11. Defendant, Aegis, the secondary obligor on the import transactions at issue in this case, is discharged from its obligation under the single transaction importation bond because the obligee, the United States, impaired Defendant's recourse against the principal obligor, Presstek, the importer.

12.  Plaintiff unreasonably delayed in issuing demands on Presstek, the importer, and Defendant, Aegis, which unreasonably impaired Defendant's subrogation rights against the principal obligor, Presstek.

13. Plaintiff's more than seven-year delay in billing the duties deemed liquidated in 2009, caused the unnecessary accrual of interest under 19 U.S.C. § 1505(d) to the detriment of Defendant Aegis's interests. Plaintiff's more than seven-year delay in billing the duties deemed liquidated in 2009 was an act of material impairment of suretyship in that it unilaterally increased surety's risk of loss and unnecessarily caused surety's exposure to an actual loss not contemplated by any party to the subject bond.

## FIFTH AFFIRMATIVE DEFENSE
### (<u>Violation Of Section 706 Of The Administrative Procedures Act</u>)

14. Under section 706 of the Administrative Procedures Act ("APA"), "[t]he reviewing court shall …

(2) hold unlawful and set aside agency action, findings, and conclusions found to be –

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; …

(C)  in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [and]

(D) without observance of procedure required by law.

5 U.S.C. § 706(2).

15. In 1997, the U.S. Court of Appeals for the Federal Circuit held that reliquidation under 19 U.S.C. § 1501 "applies only to liquidations made in accordance with 19 U.S.C. § 1500, and not to 'deemed liquidations' under 19 U.S.C. § 1504." *United States v. Cherry Hill Textiles, Inc*., 112 F.3d 1550, 1560 (Fed. Cir 1997).

16. By seeking to reliquidate the subject entry under 19 U.S.C. § 1501 on March 15, 2019 and thereby re-start the running of the six-year statute of limitations with actual or constructive knowledge of the *Cherry Hills Textiles* decision and actual knowledge of its own decision to grant Defendant's November 25, 2016 protest of CBP's first attempted reliquidation of the subject entry on the grounds that such reliquidation was *ultra vires* of section 1501, CBP acted in an arbitrary and capricious manner, abused its discretion, acted contrary to law, acted in excess of its authority and short of statutory right, and acted without observance of procedure required by law, all in violation of section 706 of the APA.

17. Accordingly, the Court should hold unlawful and set aside CBP's entire collection action or, alternatively, its March 15, 2019, reliquidation of the subject entry and any effect such reliquidation had on the date of commencement of the six-year statute of limitations period under 28 U.S.C. § 2415(a),

WHEREFORE, Defendant, Aegis Security Insurance Company, respectfully requests that this Court enter judgment in its favor against Plaintiff, The United States, and that Plaintiff take nothing by way of duties or interest from the allegations of its complaint, and for any further relief that this Court deems just and proper in the premises of this civil action.

Respectfully submitted,

*/s/ T. Randolph Ferguson*
T. Randolph Ferguson
Sandler, Travis & Rosenberg P.A.
414 Jackson Street, Suite 200
San Francisco, CA 94111
Tel.: 415-378-3374
E-Mail: rferguson@strtrade.com

*/s/Jeffery M. Telep*
Jeffery M. Telep
King & Spalding LLP
1700 Pennsylvania Avenue N.W.
Suite 900
Washington, D.C. 20006
Tel.: 202-626-2390
E-Mail: jtelep@kslaw.com

*Attorneys for Defendant Aegis Security Insurance Company*

April 10, 2023